UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

ULISES ROJAS, on behalf of himself and all
others similarly situated,

                Plaintiff,

          -against-

ARBENI MANAGEMENT COMPANY INC.,
313 E. 141 ST. REALTY CORP.,
H B ASSOCIATES LLC,
and GNF PROPERTIES COMPANY, LLC,

                Defendants.
───────────────────────────────────────────

Case No

**COMPLAINT**
Jury Trial Demanded

      Plaintiff, ULISES ROJAS (hereinafter, "Plaintiff"), by and through his attorneys, CASTILLO STEPHENS LLP, as and for his Complaint against Defendants ARBENI MANAGEMENT COMPANY INC. (hereinafter, "ARBENI"), 313 E .141 ST. REALTY CORP. (hereinafter, "313"), H.B. ASSOCIATES LLC (hereinafter, "H.B."), and GNF PROPERTIES COMPANY, LLC (hereinafter, "GNF") (collectively referred to hereinafter as "Defendants"), alleges upon personal knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

      1.    This is a civil action for damages and equitable relief based upon violations committed by Defendants of Plaintiff's rights guaranteed to him by: (i) the Fair Labor Standards Act's ("FLSA") overtime provisions, 29 U.S.C. § 207(a); (ii) the New York Labor Law's ("NYLL") wage statement provisions, N.Y. Lab. Law § 195(3);  (iii) the NYLL's pay notice

provisions, N.Y. Lab. Law § 195(1); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of himself and all other current and former employees similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

3.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1367 over all state law claims.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants resides within the Eastern District of New York.

## PARTIES

6.      At all relevant times, Plaintiff was a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA, and the NYLL.

7. At all relevant times, ARBENI is a domestic corporation with its principal place of business located at 2465 Arthur Avenue, Bronx, New York.

At all relevant times ARBENI is in the business of owning and renting to the general public residential properties.

8. At all relevant times, 313 is a domestic corporation with its principal place of business located at 860 Grand Concourse, Bronx, New York.

9. At all relevant times, 313 is in the business of owning and renting to the general public residential properties.

10. At all relevant times, H.B. is a domestic limited liability company with its principal place of business located at 299 East Kingsbridge Rd, Bronx, New York.

11. At all relevant times, H.B. is in the business of owning and renting to the general public residential properties.

12. At all relevant times, GNF is a domestic limited liability company with its principal place of business located at 2465 Arthur Avenue, Bronx, New York.

13. At all relevant times, GNF is in the business of owning and renting to the general public residential properties.

14. At all relevant times, Defendants have common owners, shareholders and principals.

15. At all relevant times, Defendants have common officers and managers.

16. At all relevant times, Defendants are "employers" and "persons" within the meaning of the FLSA and the NYLL.

17. At all relevant times, Defendants are joint employers within the meaning of the FLSA and NYLL.

18. At all relevant times, Defendants have at least two employees and have gross annual volume of sales or business done not less than $500,000.00, and the Defendants are engaged in interstate commerce within the meaning of the FLSA, as they handle goods and products that are moved between the States, the combination of which subjects the Defendants, as an enterprise, to the FLSA's overtime requirements.

19. All of Defendants' employees, including Plaintiff, are individually engaged in interstate commerce, as they personally handle goods that have been and continue to be moved in interstate commerce. This independently subjects Defendants to the overtime requirements of the FLSA with respect to each individual employee.

## JOINDER OF PARTIES

### FLSA Collective Action

20. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime and liquidated damages pursuant to the applicable provisions of the FLSA, pursuant to 29 U.S.C. § 216(b), on his own behalf as well as those in the following class:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work in the Defendants' buildings as superintendents and/or porters who give consent to file a claim to recover overtime compensation that is legally due to them for the time in excess of forty hours in a given workweek for which Defendants did not compensate them at the legally mandated rate of one and one-half times their respective straight-time rates of pay ("FLSA Plaintiffs").

21. The Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: performed similar tasks, as described in the "Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were required to work in excess of forty hours each week; were not paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek.

22. At all relevant times, the Defendants are and have been aware of the requirement to pay Plaintiff herein and the FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for hours worked each workweek above forty but purposely chose not to do so.

## NYLL Class Action

23. In addition, Plaintiff seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on his own behalf as well as on behalf of those who are similarly situated who, during the applicable statutory period, were subjected to violations of the NYLL.

24. Under F.R.C.P. 23(b)(3), Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representatives are typical of the class;

   d. The representatives will fairly and adequately protect the class; and

   e. The questions of law or fact common to class members predominate over any questions affecting only individual members and that class action is superior to other methods of adjudication.

25. The Rule 23 Class that Plaintiff seeks to define includes: Current and former employees of Defendants who, during the applicable NYLL limitations period: were not furnished with complete and accurate wage statements on each payday or pay notices containing the information required by N.Y. Lab. Law § 195(1), (3). ("Rule 23 Plaintiffs").

## Numerosity

26. Presently, Defendants have in their employment at least forty non-managerial employees.

27. During the previous six years, Defendants have employed in excess of 50 non-managerial employees that are putative members of this class.

### Common Questions of Law and/or Fact

28. There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: whether Defendants were joint employers, whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3), whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate pay notices upon hiring and every year thereafter containing the information required by N.Y. Lab. Law § 195(1), whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations.

### Typicality of Claims and/or Defenses

29. As described in the section below, Defendants employed Plaintiff as a non-managerial, hourly employee at their buildings, as superintendent. All of Plaintiff's duties, pay rate, and pay structure were substantially similar to those of the Rule 23 Plaintiffs. All Rule 23 Plaintiffs are building superintendents and janitors. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs are and were employees within the meaning of the NYLL. Plaintiff and the Rule 23 Plaintiffs enjoy the same

statutory rights under the NYLL to be furnished with accurate wage statements on each payday. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be furnished with accurate pay notices. Plaintiff and Rule 23 Plaintiffs have all been injured in that they have been harm due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

30. Plaintiff, as described below, worked as a building superintendent. The Defendants failed to furnish Plaintiff, similarly to the Rule 23 Plaintiffs, with accurate wage statements or pay notices. Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees who Defendants have subjected to the treatment alleged herein.

31. Additionally, Plaintiff's attorneys will adequately handle this matter.

### Superiority

32. Plaintiff has no material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times, Defendants treated Plaintiff identically, or at the very least substantially similar to the Rule 23 Plaintiffs.

33. Any lawsuit brought by a superintendent/porter, hourly, employee of the Defendants would be identical to a suit brought by any other employee for the same violations. Thus separate litigation would risk inconsistent results.

34.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this method is properly maintainable as a Class Action under Federal Rule of Civil Procedure 23(b)(3).

## BACKGROUND FACTS

35.     At all relevant times, Plaintiff is a former employee of Defendants and performed his duties for Defendants' benefit at several buildings owned and managed by Defendants.

36.     At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff overtime compensation at the statutory rate of time and one-half for hours worked in excess of forty hours per work week; to provide a legally sufficient wage statement as required; or to provide a pay notice upon hiring and each year thereafter as required by the NYLL.

37.     Defendants hired Plaintiff in or about January 2004.

38.     Plaintiff worked as a janitor in three buildings owned and managed by Defendants, to wit: 313 East 141st Street, Bronx, New York; 1134 Stratford Avenue, Bronx, New York; and 2839 Decatur Avenue, Bronx, New York.

39.     Plaintiff's duties included painting and plastering, plumbing, electrical work, boiler repairs, and the repair and renovation of apartments in all three buildings.

40.     On Mondays through Fridays, Plaintiff worked from approximately 5:30 a.m. to approximately 8:00 p.m. each day.  On Saturdays and Sundays, Plaintiff worked from approximately 5:30 a.m. to approximately noon.

41.     Plaintiff was allocated a half-hour for lunch, but typically worked through this time. Plaintiff ate while working.

42.     Plaintiff was paid approximately $350 weekly. According to Plaintiff's paystubs, this amount was for 40 hours of work. The paystubs did not state the hourly rate, and always indicated 40 hours of work, irrespective of the hours Plaintiff actually worked.

43.     Plaintiff rented an apartment in one of the buildings he took care of as janitor. Plaintiff paid a monthly rent of $845.00.

44.     Defendants had a policy of not paying their employees overtime, in violation of the FLSA. Defendants paid a flat rate regardless of the hours Plaintiff worked, and did not keep any time records of the hours actually worked.

45.     Due to the nature of the work, Defendants knew that Plaintiff was working many more than 40 hours a week and they permitted or suffered him to work those hours without overtime pay.

46.     On several occasions, when Defendants were fined by the City of New York for such things as failing to separate recyclables from trash, Defendants improperly deducted the amount of the fine from Plaintiff's pay.

## FIRST CLAIM FOR RELIEF, UNPAID OVERTIME UNDER FLSA

47.     Plaintiff repeats, reiterates and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

49.     As described above, Defendants are employers within the meaning of the FLSA and Plaintiff is an employee within the meaning of the FLSA.

50. As also described above, Plaintiff worked in excess of forty hours each week, yet the Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

51. The Defendants' actions were in willful violation of the FLSA.

52. Plaintiff is entitled to the compensation he is legally due under the FLSA's overtime provisions.

53. Plaintiff is also entitled to liquidated damages and attorney's fees for the Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF, FAILURE TO FURNISH WAGE STATEMENTS IN VIOLATION OF NYLL

54. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. N.Y. Lab. Law § 195(3) requires that employers furnish employees "a statement with every payment of wages containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. For all employees paid a piece rate, the statement shall include the applicable piece rate or rates

of pay and number of pieces completed at each piece rate. Upon the request of an employee, an employer shall furnish an explanation in writing of how such wages were computed."

56. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

57. As described above, Defendants willfully failed to furnish Plaintiff with wage statements containing the criteria required under the NYLL.

58. Pursuant to N.Y. Lab Law § 198(1-d), Defendants are liable to Plaintiff in the amount of $250 for each failure of this sort, up to $5,000.00.

59. For their failure, in addition to the statutory penalties, Defendants are liable to Plaintiff for liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF, FAILURE TO PROVIDE PAY NOTICES UPON HIRING AND EVERY YEAR THEREAFTER UNDER NYLL**

60. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61. The NYLL requires that employers "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business

as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years. Such acknowledgement shall include an affirmation by the employee that the employee accurately identified his or her primary language to the employer, and that the notice provided by the employer to such employee pursuant to this subdivision was in the language so identified or otherwise complied with paragraph (c) of this subdivision, and shall conform to any additional requirements established by the commissioner with regard to content and form. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

62. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

63. As described above, Defendants willfully failed to provide Plaintiff with any such pay notice containing the criteria required under the NYLL.

64. Pursuant to N.Y. Lab Law § 198(1-d), Defendants are liable to Plaintiff in the amount of $50 per day, up to $5,000.00.

65. For their failure, in addition to the statutory penalties, Defendants are liable to Plaintiff for liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest.

## DEMAND FOR A JURY TRIAL

66. Pursuant to the Federal Rules of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. An order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs and/or Rule 23 Plaintiffs for bringing this action;

c. An order awarding all damages that Plaintiff, FLSA Plaintiffs and/or Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages Plaintiff would have received but for Defendants misconduct;

d. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

e. An order awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

f. Pre-judgment and post-judgment interest, as provided by law;

g. Certification of this case as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

h. Designation of Plaintiff as class representative; and

i.  An order granting Plaintiff, FLSA Plaintiffs and/or Rule 23 Plaintiffs any further relief as this Court finds necessary and proper.

Dated: March 6, 2017
New York, New York

                            Respectfully submitted,

                            CASTILLO STEPHENS LLP

                            By: _____/s/_____
                            Glendoval J. Stephens
                            305 Broadway, Suite 1200
                            New York, NY 10007
                            Tel: 212-385-1400
                            Fax: 212-385-1401
                            firm@castillostephens.com
                            *Attorneys for Plaintiffs*